Citation Nr: 1722263 
Decision Date: 06/15/17 Archive Date: 06/29/17

DOCKET NO. 10-49 208 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia


THE ISSUE

Entitlement to service connection for a neurological disorder of the upper extremities, claimed as numbness and tingling bilateral shooting neck pain, shoulders through hands, to include as secondary to service-connected lumbar strain.


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

C. Samuelson, Associate Counsel




INTRODUCTION

The Veteran served on active duty in the United States Army from January 2, 2002 to May 4, 2002; February 7, 2003 to September 3, 2003; and July 2005 to December 2006. The Veteran served in the Southwest Asia theater of operations from March 2003 to August 2003 and October 2005 to September 2006.

These matters come to the Board of Veterans' Appeals (Board) on appeal from a December 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Atlanta, Georgia. 

Although the Veteran requested a hearing before the Board, she did not attend a Travel Board hearing scheduled for May 21, 2015, without explanation. Consequently, the Board finds that reasonable efforts have been made to provide the appellant with her requested hearing and that no further efforts are warranted and the hearing request is considered withdrawn.

The Board remanded this matter in August 2015 and April 2016 for additional development.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Pursuant to the April 2016 remand directives, the RO attempted to schedule a VA examination in June 2016. A June 2016 note shows the Veteran refused the examination. In a September 2016 statement, the Veteran explains that she was called by a VA representative to schedule an appointment date and several dates were available; however, her work schedule made it impossible for her to attend on those dates. She reports that she is available on Sundays and Mondays and any other dates will have to be cleared by her employer. Accordingly, the Board finds that the Veteran should be rescheduled for a VA examination to address whether her conditions are due to a medically unexplained chronic multi-symptom illness, to include fibromyalgia. The VA examination should be scheduled on a Sunday or Monday, if possible, to accommodate the Veteran's work schedule.

On remand, the RO should ask the Veteran to identify any additional, pertinent medical treatment that he has received for her neurological disorder of the upper extremities, claimed as numbness and tingling bilateral shooting neck pain, shoulders through hands, and take appropriate measures to obtain those records. Any additional, pertinent VA or private treatment records should be associated with the file. See 38 C.F.R. § 3.159(c)(2); Bell v. Derwinski, 2 Vet. App. 611 (1992); see also Stefl v. Nicholson, 21 Vet. App. 120, 125 (2007) (an adequate VA medical examination must consider the Veteran's pertinent medical history). The RO should also ask the Veteran to submit any additional, pertinent lay statements relating to her claim.

Accordingly, the case is REMANDED for the following action:

1. Contact the Veteran and ask that she identify any outstanding VA and non-VA records pertaining to her symptoms of a neurological disorder of the upper extremities, claimed as numbness and tingling bilateral shooting neck pain, shoulders through hands that are not already of record. Take appropriate measures to request copies of any outstanding records of pertinent VA or private medical treatment and associate them with the claims file. Any negative response should be in writing and associated with the claims file. 

2. Notify the Veteran that she may submit lay statements from herself and from other individuals who have first-hand knowledge, and/or were contemporaneously informed of her in-service and post-service symptoms of a neurological disorder of the upper extremities, claimed as numbness and tingling bilateral shooting neck pain, shoulders through hands. She should be provided an appropriate amount of time to submit this lay evidence.

3. Arrange for the Veteran to undergo a VA examination on a Monday, if possible. The examiner is asked to review the pertinent evidence, including the Veteran's lay assertions regarding her symptoms and undertake any indicated studies. A diagnosis of fibromyalgia must be ruled in or excluded. 

Based on the results of the examination, the examiner is asked to address each of the following questions:

(a) Please state whether the symptoms of a neurological disorder of the upper extremities, claimed as numbness and tingling bilateral shooting neck pain, shoulders through hands, are attributable to a known clinical diagnosis. If the Veteran does not now have, but previously had any such condition, when did that condition resolve?

(b) Is the Veteran's disability pattern consistent with: (1) a diagnosable but medically unexplained chronic multisymptom illness of unknown etiology, (2) a diagnosable chronic multisymptom illness with a partially explained etiology, or (3) a disease with a clear and specific etiology and diagnosis? 

(c) If, after examining the Veteran and reviewing the claims file, you determine that the Veteran's disability pattern is either (2) a diagnosable chronic multi-symptom illness with a partially explained etiology, or (3) a disease with a clear and specific etiology and diagnosis, then please provide an expert opinion as to whether it is related to a presumed environmental exposures experienced by the Veteran during service in Southwest Asia.

(d) Is it at least as likely as not that any diagnosed disorder had its onset directly during the Veteran's service or is otherwise causally related to any event or circumstance of her service, including environmental exposures during service in Southwest Asia during the Persian Gulf War?

(e) If not directly related to service on the basis of questions (b)-(d), is any medical condition proximately due to, the result of, or caused by any service-connected disability(ies)? 

(f) If not caused by another medical condition, has any disorder been aggravated (made permanently worse or increased in severity) by any service-connected disability(ies)? If yes, was that increase in severity due to the natural progress of the disease?

In answering all questions (a) to (f), please articulate the reasons underpinning your conclusions. That is, (1) identify what facts and information, whether found in the record or outside the record, support your opinion, and (2) explain how that evidence justifies your opinion. A report of the examination should be prepared and associated with the Veteran's VA claims file.

4. Then readjudicate the appeal. If the benefit sought remains denied, the Veteran and her representative should be furnished a supplemental statement of the case and given an opportunity to submit written or other argument in response before the claims file is returned to the Board for further appellate consideration

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).





_________________________________________________
STEVEN D. REISS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).